FILED

**NOT FOR PUBLICATION**

MAR 01 2011

**UNITED STATES COURT OF APPEALS**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

MORENA LIZETH MARTINEZ-
MORENO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-70704

Agency No. A097-815-413

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Morena Lizeth Martinez-Moreno, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Martinez-Moreno failed to show that her father's kidnaping and death support her own claim for asylum or withholding of removal. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Wakkary*, 558 F.3d at 1060 (failure to show harm to others was "part of a pattern of persecution closely tied to" petitioner himself) (internal quotation and citation omitted). We decline to consider the threats Martinez-Moreno's mother received because the BIA only addressed the kidnaping and death of Martinez-Moreno's father, *see Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir. 2009) (court's review limited to actual grounds BIA relied on), and Martinez-Moreno does not contend the BIA erred by failing to consider these threats as a ground for past persecution, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not raised and argued in a party's opening brief are waived). Accordingly, we deny the petition as to Martinez-Moreno's asylum and withholding of removal claims.

Martinez-Moreno has not made any argument with respect to the agency's denial of CAT relief. *See Martinez-Serrano*, 94 F.3d at 1259-60.

We lack jurisdiction to consider Martinez-Moreno's claim that the agency erred in not administratively closing her case. *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1115 (9th Cir. 2009). We therefore dismiss her petition as to this claim. We also reject her related contention that the agency violated her equal protection rights.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**